**Placido SERVIN–GOMEZ,**
**Plaintiff–Appellant,**

v.

**James D. TODD, Judge, Defendant–Appellee.**

**No. 02–5504.**

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, BATCHELDER, and COLE, Circuit Judges.

Placido Servin–Gomez appeals a district court judgment that dismissed his filings which were construed as a civil action against United States District Judge James D. Todd. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Servin–Gomez pleaded guilty to illegally reentering the United States after being convicted of an aggravated felony in violation of 8 U.S.C. § 1326(b), and was sentenced to 77 months of imprisonment. This court affirmed the conviction and sentence on direct appeal. *United States v. Servin–Gomez*, No. 00–5750, 2001 WL 1141350 (6th Cir. Sept.17, 2001). Thereafter, Judge Todd denied a motion to vacate sentence Servin–Gomez filed under 28 U.S.C. § 2255. Servin–Gomez did not appeal that judgment to this court.

Next, Servin–Gomez filed documents that Judge Todd construed as a civil action against Judge Todd under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Judge Todd ordered that the documents be filed as a new civil action and recused himself. The case was assigned to Judge Gibbons, who reviewed plaintiff's filings and dismissed the action as frivolous. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff advances only frivolous claims that Judge Todd lacked authority to adjudicate his motion to vacate sentence filed under 28 U.S.C. § 2255. Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), we will affirm the judgment for the reasons stated in the district court's order of dismissal filed March 11, 2002.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.